UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTER FOR BIOLGICAL DIVERSITY,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONAL MARINE FISHERIES SERVICE; BARRY THOM, Regional Administrator of National Marine Fisheries Service West Coast Region; WILBUR ROSS, in his official capacity as Secretary of the United States Department of Commerce,<br><br>        Defendants. | CASE NO. 2:18-cv-01201-RSM<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

## **STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between the Center for Biological Diversity ("Plaintiff") and the National Marine Fisheries Service ("NMFS"); Barry Thom, in his official capacity as Regional Administrator of the NMFS' West Coast Region; and Wilbur Ross, in his official capacity as Secretary of the United States Department of Commerce (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on January 21, 2014, Plaintiff Center for Biological Diversity petitioned NMFS to revise the critical habitat designation for the Southern Resident distinct population segment of the killer whale ("Southern Residents"), specifically, to include the Southern Residents' winter feeding areas off the Washington, Oregon, and California coasts;

1

Stipulated Settlement Agreement
2:18-cv-01201

U.S. Dep't of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 200044-7611
(202) 305-0431

1  WHEREAS on April 25, 2014, NMFS published a 90-day finding that the petition, viewed in the context of the information readily available in its files, presented substantial information indicating that revising critical habitat may be warranted and initiated a review of the current critical habitat designation (79 Fed. Reg. 22,933);

WHEREAS, on February 24, 2015, NMFS published a 12-month finding on the petition, concluding that revising the critical habitat designation for the Southern Residents is warranted (80 Fed. Reg. 9682);

WHEREAS, in the 12-month finding, NMFS indicated that it anticipated developing a proposed rule for submission to the Federal Register in 2017;

WHEREAS, on August 16, 2018, Plaintiff filed the above-captioned action to compel NMFS to issue a proposed rule and final determination on the revision of critical habitat for the Southern Residents (ECF 1 ¶ 7);

WHEREAS, on or before May 8, 2019, Defendants intend to submit a draft proposed regulation concerning the revision of critical habitat for the Southern Residents to formal interagency review in accordance with Executive Order 12866 and to inform Plaintiff when they have done so;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claim, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of all disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and an appropriate way to resolve Plaintiff's Complaint;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before September 6, 2019, Defendants shall submit to the *Federal Register* for publication a proposed regulation concerning the revision of critical habitat for

2

Stipulated Settlement Agreement  
2:18-cv-01201

U.S. Dep't of Justice  
P.O. Box 7611, Ben Franklin Station  
Washington, DC 200044-7611  
(202) 305-0431

1 the Southern Residents, unless interagency review in accordance with Executive Order 12866
2 exceeds ninety days, in which case the deadline for submission of the proposed regulation to
3 the Federal Register shall be extended to October 7, 2019. Defendants shall inform Plaintiff on
4 August 7, 2019, whether interagency review exceeded 90 days.

5     2. The Order entering this Agreement may be modified by the Court upon good
6 cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation
7 between the parties filed with and approved by the Court, or upon written motion filed by one
8 of the parties and granted by the Court. In the event that either party seeks to modify the terms
9 of this Agreement, including the deadline specified in paragraph 1, in the event of a dispute
10 arising out of or relating to this Agreement, or in the event that any party believes that another
11 party has failed to comply with any term or condition of this Agreement, the party seeking the
12 modification, raising the dispute, or seeking enforcement shall provide the other party with
13 notice of the claim. The parties agree that they will meet and confer (either telephonically or
14 in person) at the earliest possible time in a good-faith effort to resolve the claim before
15 seeking relief from the Court. If the parties are unable to resolve the claim themselves, either
16 party may seek relief from the Court.

17     3. In the event that Defendants fail to meet the deadline specified in paragraphs 1
18 or 6 of this Agreement and have not sought to modify it, Plaintiff's first remedy shall be a
19 motion to enforce the terms of this Agreement, after following the dispute resolution
20 procedures described in paragraph 2 above. This Agreement shall not, in the first instance, be
21 enforceable through a proceeding for contempt of court.

22     4. To challenge the final determination, or failure to issue a final determination,
23 following the publication of the proposed rulemaking that is the subject of this Agreement,
24 Plaintiff will be required to file a separate action. Notwithstanding any other provision of this
25 Agreement, Plaintiff reserves the right to challenge the final determination, or failure to issue

3

Stipulated Settlement Agreement
2:18-cv-01201

U.S. Dep't of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 200044-7611
(202) 305-0431

a final determination, and Defendants reserve the right to raise any applicable claims or defenses.

5. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiff $8,700.00 in attorneys' fees and costs. Plaintiff agrees to accept the $8,700.00 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

6. Plaintiff agrees to furnish Defendants with the information necessary to effectuate the $8,700.00 payment set forth by paragraph 5. Payment will be made to the Center for Biological Diversity by electronic funds transfer. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within ten (10) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later.

7. By this Agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

8. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as relevant evidence with regard to any issue whatsoever, including what does or does not constitute a reasonable time for making a determination regarding critical habitat for any listed species or what does or does not constitute a reasonable amount of attorneys' fees for any type of proceeding.

9. This Agreement only requires that Defendants take the actions specified in paragraphs 1 or 6. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the

4

Stipulated Settlement Agreement
2:18-cv-01201

U.S. Dep't of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 200044-7611
(202) 305-0431

1  Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or
2  procedural. Nothing in this Agreement shall be construed to limit or modify the discretion
3  accorded to NMFS by the ESA, the APA, or general principles of administrative law with
4  respect to the procedures to be followed in making any determination required herein, or as to
5  the substance of any final determination.
6       10.    Nothing in this Agreement shall be interpreted as, or shall constitute, a
7  requirement that Defendants are obligated to pay any funds exceeding those available, or take
8  any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other
9  applicable appropriations law.
10      11.    The parties agree that this Agreement was negotiated in good faith and that this
11 Agreement constitutes a settlement of claims that were disputed by the parties. By entering
12 into this Agreement none of the parties waives or relinquishes any legal rights, claims or
13 defenses it may have that are not specifically and explicitly waived or relinquished herein.
14      12.    The terms of this Agreement constitute the entire agreement of the parties, and
15 no statement, agreement, or understanding, oral or written, which is not contained herein, shall
16 be recognized or enforced. Except as may be expressly stated herein, this Agreement
17 supersedes all prior agreements, negotiations, and discussions between the parties with respect
18 to the subject matter addressed herein.
19      13.    The undersigned representatives of each party certify that they are fully
20 authorized by the party or parties they represent to agree to the Court's entry of the terms and
21 conditions of this Agreement and do hereby agree to the terms herein.
22      14.    The terms of this Agreement shall become effective upon entry of an order by
23 the Court approving the Agreement.
24      15.    Upon approval of this Agreement by the Court, all counts of Plaintiff's
25 Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action,

5

Stipulated Settlement Agreement
2:18-cv-01201

U.S. Dep't of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 200044-7611
(202) 305-0431

however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

DATED:  April 12, 2019	 /s/ Jonelle M. Dilley
JONELLE M. DILLEY
Trial Attorney
MN Bar 0386642
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: (202) 305-0431
Facsimile: (202) 305-0275
Jonelle.Dilley@usdoj.gov

Attorneys for Defendants

/s/ Sarah Uhlemann
SARAH UHLEMANN
WA Bar No. 41164
Center for Biological Diversity
2400 NW 80th Street, #146
Seattle, WA 98117
Phone: (206) 327-2344
suhlemann@biologicaldiversity.org

Attorney for Plaintiff

Stipulated Settlement Agreement	U.S. Dep't of Justice
2:18-cv-01201	P.O. Box 7611, Ben Franklin Station
	Washington, DC 200044-7611
	(202) 305-0431

**PURSUANT TO STIPULATION, IT IS SO ORDERED.** The Agreement executed by the parties is hereby incorporated into this Order.

**IT IS FURTHER ORDERED** that this Court shall have continuing jurisdiction to enforce this Order and the terms of the Agreement herein consistent with the terms of the Agreement.

**IT IS FURTHER ORDERED** that this case is hereby **DISMISSED** with prejudice.

DATED this _____ day of _____, 2019.

_____
The Honorable Ricardo S. Martinez
UNITED STATES DISTRICT CHIEF JUDGE

7

Stipulated Settlement Agreement
2:18-cv-01201

U.S. Dep't of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 200044-7611
(202) 305-0431

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CENTER FOR BIOLGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL MARINE FISHERIES SERVICE; BARRY THOM, Regional Administrator of National Marine Fisheries Service West Coast Region; WILBUR ROSS, in his official capacity as Secretary of the United States Department of Commerce,<br><br>    Defendants. | CASE NO. 2:18-cv-01201-RSM<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on April 12, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.

Cari M. Sakashita
miyoko@biologicaldiversity.org

Catherine Kilduff
ckilduff@biolgicaldiversity.org

Sarah Uhlemann
suhlemann@biologicaldiversity.org

/s/ Jonelle M. Dilley
JONELLE M DILLEY